UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICKEY LEE QUINONES,
    Plaintiff,

v.                                                          Case No. 3:24-CV-1805 (OAW)

ANGEL QUIROS, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Self-represented plaintiff Mickey Lee Quinones, an inmate at MacDougall-Walker Correctional Institution ("MacDougall"), has filed a civil rights complaint against three Department of Correction ("DOC") officials, Commissioner Angel Quiros, Security Risk Group ("SRG") Director Daniel Papoosha, and Correctional Counselor Jacaruso. ECF No. 1 at 2–3. Plaintiff seeks damages as well as declaratory and injunctive relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

1

I.   **FACTUAL BACKGROUND**

The following summary is limited to those facts material to the court's ruling.

On June 25, 2024, the DOC labeled Plaintiff as a member of the Security Risk Group 20 Love.  ECF No. 1 at 9 ¶ 1.  Plaintiff alleges that he is not a member of 20 Love and that there was no evidence to support the charge.  *Id*.  Plaintiff alleges he is a member of Sophisticated Gangsta Love, which is not a listed SRG and not a subset of 20 Love.  *Id*. ¶¶ 1–2.

Plaintiff filed an appeal within fifteen days, but Defendant Jacaruso claimed he did not receive the appeal and never processed it.  *Id*. ¶ 3.  Plaintiff filed a second appeal, which he alleges Defendant Jacaruso held until the fifteen-day appeal window expired, and then forwarded to the District Administrator who denied the appeal as untimely.  *Id*. ¶ 3–4.

Plaintiff then wrote to Commissioner Quiros, stating that the DOC affiliated him with 20 Love based on insufficient evidence and that he was a member of Sophisticated Gangsta Love.  *Id*. ¶ 6.  Plaintiff alleges that in response, Commissioner Quiros maintained that there was sufficient evidence to affiliate Plaintiff with 20 Love, which Plaintiff claims "is a lie."[1]  *Id*. ¶ 7.

Finally, Plaintiff has attempted to obtain his SRG packet through a Freedom of Information request but has not yet received it.  *Id*. ¶ 8.

---

[1] Although Plaintiff alleges that Commissioner Quiros responded to his letter, he attaches a copy of the response which was signed by Director of Security Santiago, not Commissioner Quiros.

2

**II.     DISCUSSION**

Plaintiff contends that Defendants violated his due process rights by affiliating him with SRG 20 Love and subsequently failing to rescind that designation.  *Id*. ¶ 5.

A.  Due Process Claim

"[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures."  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  To state a procedural due process claim, Plaintiff must allege facts showing (1) that he had a protected liberty interest and (2) that he was deprived of that interest without sufficient process.  *See Walker v. Fischer*, 523 F. App'x 43, 44 (2d Cir. 2013) (citing *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001)).

Standing alone, the Due Process Clause of the Fourteenth Amendment generally does not create a protected liberty interest in conditions of confinement as long as the conditions are "within the normal limits or range of custody which the conviction has authorized the State to impose."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding no protected liberty interest in freedom from intrastate prison transfer, even to a maximum security facility, because prison officials have discretion to transfer prisoners "for whatever reason or for no reason at all").

Nonetheless, there are circumstances under which a state statute, policy, or regulation can create a protected liberty interest relating to conditions of confinement.  In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court of the United States held

3

that a liberty interest warranting due process protection "will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection under the Due Process Clause of its own force . . . nonetheless imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484 (citations omitted).  Thus, to assess Plaintiff's claim, the court must determine whether Plaintiff's confinement in the SRG Program constitutes an atypical and significant hardship.

In *Sandin*, the Supreme Court found that confinement in the restrictive housing unit for thirty days for disciplinary reasons did not implicate a constitutionally protected liberty interest.  *Id.* at 485–86.  Plaintiff does not indicate the potential duration of his confinement in the SRG Program.  However, as of November 14, 2024, the day he filed this action, he had been in the Program for 124 days.

In *Velez-Shade v. Population Management*, No. 3:18cv1784 (JCH), 2019 WL 4674767 (D. Conn. Sept. 29, 2019), the court took judicial notice of the prison directives governing placement in the SRG program and, considering the directive in conjunction with the inmate's allegations, determined that the conditions of confinement in the SRG Program were atypical and significant.  *Id*. at *11.  For example, the court considered the inmate's allegations that he was strip-searched "every time he left his cell," and that he was required to "wear handcuffs behind his back during recreation."  *See id*. at *2–*3.

Here, the court cannot determine whether Plaintiff was exposed to atypical and significant conditions of confinement because Plaintiff does not describe his conditions of confinement.  Plaintiff does not describe, for example, the duration of his confinement in the SRG program, how many hours of the day he spends in his cell, whether he is subject to strip searches, or whether he is restrained when he leaves his cell.

Turning to the process through which Plaintiff was designated a member of SRG 20 Love, the Second Circuit has identified that the degree of procedural protections that applies to inmates differs depending on the nature of the hearing and purpose of confinement.  *See Bolden v. Alston*, 810 F.2d 353, 357 (2d Cir. 1987).  Plaintiff does not allege that he received a disciplinary report in connection with his designation, therefore, the court concludes the hearing was an administrative or classification hearing.  An inmate at a classification hearing "must merely receive some notice of the charges against him and an opportunity to present his views [either orally or in writing] to the prison official charged with deciding whether to transfer him to administrative segregation."  *Hewitt v. Helms*, 459 U.S. 460, 476 (1983).  In addition, due process requires that the decision be supported by "some evidence."  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Plaintiff alleges that there was no evidence to support his designation as a member of 20 Love, therefore, if further development of the record shows that Plaintiff was subjected to conditions constituting an atypical and significant hardship, this allegation will be sufficient to state a plausible claim for denial of due process.

5

However, Plaintiff must also name as a defendant the hearing officer who made the determination that Plaintiff was a member of SRG 20 Love.  Accordingly, Plaintiff's due process claim is dismissed without prejudice to filing an amended complaint naming the proper defendant.

    B.  <u>Claim Against Commissioner Quiros</u>

Plaintiff names supervisory official Commissioner Quiros as a defendant, however, the Second Circuit has held that "there is no special rule for supervisory liability."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).  Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Mere awareness of facts that may give rise to a claim is not sufficient to state a claim for supervisory liability.  *See id.* at 619.

Plaintiff does not plead any facts that give rise to an inference that Commissioner Quiros was personally involved in an alleged deprivation of due process.  Plaintiff claims that Commissioner Quiros responded to his letter of complaint, ECF No. 1 at 9 ¶ 7, however, the copy of the letter that Plaintiff submitted shows that the letter was signed by Director of Security Santiago, not Commissioner Quiros.  *Id.* at 13.  Receiving a letter and referring the letter to a subordinate for investigation and response is insufficient to show personal involvement by Commissioner Quiros.  *See Brown v. Department of Corr.*, No. 3:16-cv-00376 (WIG), 2021 WL 124417, at *15 (D. Conn. Jan. 13, 2021) (citing *Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009)).

Therefore, the claim against Commissioner Quiros is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

C. Claims Against Director Papoosha and Counselor Jacaruso

Plaintiff alleges that Counselor Jacaruso delayed filing his administrative appeals and that a director, presumably Director Papoosha, denied his appeal as untimely filed. Plaintiff's right to appeal the SRG designation is set forth in Department of Correction Administrative Directive 9.6, entitled Inmate Administrative Remedies, which is set forth on the Department of Correction website at www.portal.ct.gov/doc/ad-chapter-9. Section 7(a)(iv)(3) provides that Security Risk Group Member Designations are subject to appeal under this directive.

"Prisoners have a constitutional right of access to the courts that may not be unreasonably obstructed by the actions of prison officials." *Abrams v. Erfe*, No. 3:17-CV-1570(CSH), 2018 WL 691714, at *16 (D. Conn. Feb. 2, 2018) (citation omitted). *See also BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002) ("We [have] made explicit that the right to petition [the Government for redress of grievances] extends to all departments of the Government, and that the right of access to the courts is but one aspect of the right to petition." (internal quotation marks, brackets, ellipsis, and citation omitted)).

The Supreme Court has never held, however, that the Constitution requires state prisons to have formal grievance procedures. In *Riddick v. Semple*, 731 F. App'x 11 (2d Cir. 2018), the Second Circuit rejected a state prisoner's constitutional claim regarding

7

prison grievance procedures.  The court noted that the prisoner's claim that his due process rights were violated because defendants restricted his access to the prison's grievance procedures "confuse[d] a state-created procedural entitlement with a constitutional right."  *Id.* at 13 (summary order) (citation omitted).  The court went on to conclude that "neither state policies nor state statutes create federally protected due process entitlements to specific state-mandated procedures."  *Id.*; *see also Schlosser v. Manuel*, No. 3:19-cv-1444(SRU), 2020 WL 127700, at *5 (D. Conn. Jan. 10, 2020) ("Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance properly processed" (citing cases)).

As Plaintiff has no constitutional right to prison grievance or appeal procedures, he fails to state a plausible due process claim based on the alleged actions of Defendants Papoosha and Jacaruso.  *See Abreu v. Farley*, No. 6:11-CV-06251(EAW), 2019 WL 1230778, at *31 (W.D.N.Y. Mar. 15, 2019) ("any failure to process Plaintiff's administrative appeals does not support a § 1983 cause of action" because there is "no constitutional right to an inmate appeals process" (citation omitted)); *Cancel v. Goord*, No. 00 Civ. 2042(LMM), 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983.").

Accordingly, Plaintiff's claims against Defendants Papoosha and Jacaruso are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## **ORDERS**

The Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an Amended Complaint provided he can identify the hearing officer from his SRG designation hearing and allege facts showing that his confinement in the SRG Program constitutes an atypical and significant hardship. Any Amended Complaint shall be filed within thirty days from the date of this Order.

In light of the dismissal of the case, Plaintiff's motion for appointment of counsel, ECF No. 4, is DENIED without prejudice as moot and Plaintiff's motion to compel, ECF No. 13, is DENIED without prejudice as moot.

IT IS SO ORDERED at Hartford, Connecticut, this 14th day of January, 2025.

/s/
Omar A. Williams
United States District Judge