UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICKEY LEE QUINONES,
    Plaintiff,

v.                                                    Case No. 3:24-CV-1805 (OAW)

ANGEL QUIROS, et al.,
    Defendants.

## INITIAL REVIEW ORDER OF AMENDED COMPLAINT

Self-represented plaintiff Mickey Lee Quinones, an inmate at MacDougall-Walker Correctional Institution ("MacDougall"), files an amended complaint alleging civil rights violations against three Department of Correction ("DOC") officials, Commissioner Angel Quiros, Security Risk Group ("SRG") Director Daniel Papoosha, and Correctional Counselor Jacaruso. ECF No. 17 at 3.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows:

1

I.    **BACKGROUND**

The court presumes familiarity with the underlying facts in its initial review order at ECF No. 15.  This additional summary is material to the court's present ruling.

On November 14, 2024, Plaintiff filed a complaint with the court alleging Defendants violated his due process rights.  ECF No. 1.  On initial review, the court concluded that he had not alleged a plausible due process violation and dismissed the complaint without prejudice to filing an amended complaint.  ECF No. 15.  Plaintiff filed a timely amended complaint reasserting his procedural due process claims, *id.* ¶¶ 1–8, and bringing a new First Amendment retaliation claim, *id.* ¶¶ 9–10.

In the amended complaint, Plaintiff alleges that he received a disciplinary report on June 13, 2024, identifying him as a member of the Security Risk Group ("SRG") 20 Love.  ECF No. 17 ¶ 1.  Plaintiff refused to sign the report, adding that he was a member of Sophisticated Gangsta Love ("SGL"), which is not a listed SRG and is not a subset of 20 Love.  *Id*. ¶¶ 1–3.  Nevertheless, after a June 25, 2024, hearing, the Department of Correction labeled Plaintiff as a member of 20 Love.  *Id.* ¶ 2.

Plaintiff alleges that he filed an appeal within the requisite fifteen days but that Defendant Jacaruso "held" the appeal instead of processing it.  *Id*. ¶ 4.  Plaintiff wrote to Lieutenant Bowers for advice regarding the delay and Lieutenant Bowers advised Plaintiff to file another appeal, which Plaintiff did.  *Id*. ¶ 5.  Plaintiff claims Defendant Jacaruso held the second appeal until the fifteen-day appeal period expired, at which point Defendant Jacaruso forwarded the appeal to the District Administrator, who denied the appeal as untimely.  *Id*. ¶ 6.

Plaintiff then wrote to Commissioner Quiros, claiming that DOC's determination

that he was affiliated with SRG 20 Love was based on insufficient evidence.  *Id*. ¶ 7.

Plaintiff claims the DOC personnel's actions were in retaliation for Plaintiff's participation as a witness at another inmate's hearing.  *Id.* ¶ 10.  Plaintiff notes that other inmates were identified as members of a SRG, but they, unlike him, were not formally designated as SRG members.  *Id.* ¶ 9.

## II.     DISCUSSION

In his amended complaint, Plaintiff contends that his due process rights were violated by affiliating him with SRG 20 Love.  *Id*. ¶ 8.  He separately claims that Defendants' actions were retaliation against him for being a witness in another inmate's hearing.  *Id.* ¶ 10.

### A.  Sovereign Immunity

"The Eleventh Amendment confirms that states, state entities, and state officials acting in their official capacities have sovereign immunity from suit."  *Kelly v. New York State Unified Ct. Sys.*, 2022 WL 1210665, at *1 (2d Cir. 2022).  Thus, DOC employees may not be sued in their official capacity for money damages in federal court.  *See id.*  There is an exception to this bar, however, pursuant to *Ex parte Young*, 209 U.S. 123 (1908).  State officials may be sued in their official capacity for prospective injunctive relief.  *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011).

Here, Plaintiff seeks monetary damages against the three named defendants, not injunctive relief.  ECF No. 17 at 5.  Accordingly, the court interprets Plaintiff's amended complaint to sue each Defendant in his individual capacity.

### B.  Due Process Claims

The Due Process Clause of the United States Constitution "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  To state a procedural due process claim, Plaintiff must establish: "(1) he possessed a liberty interest and (2) defendants deprived him of that interest without sufficient process."  *Walker v. Fischer*, 523 F. App'x 43, 44 (2d Cir. 2013) (citing *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001)).

The Due Process Clause generally does not create a protected liberty interest in conditions of confinement if the conditions are "within the normal limits or range of custody which the conviction has authorized the State to impose."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  However, as the court explained in its first initial review order, ECF No. 15 at 3–5, if Plaintiff's confinement in the SRG program constituted an atypical and significant hardship, he has a protected liberty interest.  *See Velez-Shade v. Population Management*, No. 3:18cv1784 (JCH), 2019 WL 4674767, at *11 (D. Conn. Sept. 29, 2019).

Plaintiff has alleged facts to support a claim that he was exposed to atypical and significant confinement conditions.  Plaintiff claims that he was subject hardship in the SRG group "at the hands of staff and inmates" because he was assaulted by correctional officers and inmates, inmates extorted him and made threats on his life, and correctional officers took and discarded his "personal pictures of deceased family members, legal work [and] phone numbers."  ECF No. 17 at 5.  Plaintiff has therefore established a liberty interest in his SRG disciplinary proceeding and classification.

4

The court already concluded in its first initial review order that the process through which Plaintiff was designated a member of SRG 20 Love did not meet due process requirements, therefore Plaintiff has met both elements of a due process claim. ECF No. 15 at 5–6.  However, in its earlier order, the court also instructed Plaintiff that he must "name as a defendant the hearing officer who made the determination that Plaintiff was a member of SRG 20 Love" in order to proceed with his due process claim. *Id.* at 6.

Plaintiff has not named the hearing officer who made that determination that Plaintiff was a member of SRG 20 Love.  Without facts alleging that a particular defendant had personal involvement in the hearing, Plaintiff's due process claim is dismissed without prejudice to filing an amended complaint naming the proper defendant.

### C. Claim Against Commissioner Quiros

The claims in Plaintiff's amended complaint against Commissioner Quiros did not resolve the shortcomings the court identified in its earlier order.  *See* ECF No. 15 at 6–7.  Plaintiff alleges that he wrote to Commissioner Quiros, asking him "to right the wrongs of the Department of Correction staff," but his letter was "to no avail."  ECF No. ¶ 7.

Commissioner Quiros is a supervisory official and the Second Circuit has held that "there is no special rule for supervisory liability."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).  Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated

5

the Constitution.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Mere awareness is insufficient to state a claim for supervisory liability.

Plaintiff has not alleged any facts supporting the conclusion that Commissioner Quiros was personally involved in the alleged due process violations.  *See Brown v. Department of Corr.*, No. 3:16-cv-00376(WIG), 2021 WL 124417, at *15 (D. Conn. Jan. 13, 2021) (citing *Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009)).  Therefore, the claims against Commissioner Quiros are dismissed.

### D.  Claims Against Director Papoosha and Counselor Jacaruso

The claims in Plaintiff's amended complaint against Counselor Jacaruso and Director Papoosha did not resolve the shortcomings the court identified in its earlier order.  *See* ECF No. 15 at 7–8.  In his amended complaint, Plaintiff alleges that Counselor Jacaruso delayed filing his administrative appeals and a district administrator, presumably Director Papoosha, denied his appeals as untimely filed.  ECF No. 17 ¶¶ 4–9.

As explained in the court's first initial review order, Plaintiff has no constitutional right to prison grievance or appeal procedures, therefore he fails to state a plausible due process claim based on the alleged actions of Defendants Papoosha and Jacaruso.  *See Abreu v. Farley*, No. 6:11-CV-06251 (EAW), 2019 WL 1230778, at *31 (W.D.N.Y. Mar. 15, 2019) ("any failure to process Plaintiff's administrative appeals does not support a § 1983 cause of action" because "there is no constitutional right to an inmate appeals process" (internal quotation marks, citation, and brackets omitted)); *Cancel v. Goord*, No. 00 Civ. 2042(LMM), 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("the

refusal to process an inmate's grievance or failure to see that grievances are properly processed does not create a claim under § 1983").

Plaintiff's factual allegations in the amended complaint are not substantively different from his original complaint, therefore, his due process claims against Defendants Papoosha and Jacaruso are dismissed.

### E. First Amendment Retaliation Claims

In his amended complaint, Plaintiff alleges that prison officials retaliated against him after he served as a witness in another inmate's hearing. ECF No. 17 ¶¶ 9, 10. The court construes this as a First Amendment retaliation claim.

To state a cognizable First Amendment retaliation claim, Plaintiff must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)).

Here, Plaintiff alleges that he invoked his constitutional right to serve as a witness. "First Amendment rights are clearly at stake when a person gives evidence." *Id.* at 92. Although sentenced inmates' First Amendment rights "are necessarily limited," *id.* at 86, an inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system," *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004).

Here, Plaintiff has not named or otherwise identified the Defendant he alleges unlawfully retaliated against him. Because identification of the implicated defendant is critical to the First Amendment analysis, Plaintiff's First Amendment retaliation claim

7

therefore is dismissed without prejudice. Plaintiff may file an amended complaint provided that he identifies the defendant that took adverse action against him based on his protected speech.

### F. Motions for Relief at ECF Nos. 19 and 21

Finally, the court notes that Plaintiff has filed at ECF Nos. 19 and 21 what appear to be identical copies of the same "Motion for Relief," citing to a deadline set by the Clerk's Office when it docketed Plaintiff's motion to compel at ECF No. 13. The court reminds Plaintiff that the motion to compel at ECF No. 13 was denied without prejudice as moot, at ECF No. 15 (the original initial review order docketed by the court).

## ORDERS

The complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an amended complaint provided he can (1) name as a defendant the hearing officer who made the determination that Plaintiff was a member of SRG 20 Love and (2) identify the defendant or defendants that retaliated against him because he served as a witness in another inmate's hearing. Any amended complaint shall be filed within thirty days from the date of this Order.

Consistent with the foregoing, Plaintiff's motions for appointment of counsel (ECF Nos. 18, 20) and motions for relief (ECF Nos. 19, 21) are **DENIED without prejudice.**

IT IS SO ORDERED at Hartford, Connecticut, this 20th day of May, 2025.

/s/
Omar A. Williams
United States District Judge